**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GUAMAN LLIGUICOTA,

     *Petitioner*,

     v.

ALEXANDER CABEZAS, et al.,

     *Respondents*.

Civil Action No. 25-17216

**MEMORANDUM & ORDER**

December 5, 2025

**SEMPER**, District Judge.

     **THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1, "Petition" or "Pet."). Guaman Lliguicota ("Petitioner") challenges the legality of his immigration detention and seeks immediate release. Shortly after filing the petition, he moved for a temporary restraining order. (ECF No. 3.) The Court issued a text order on November 19, 2025 granting habeas relief and directing that Petitioner be released within twenty-four hours. (ECF No. 13.) This Memorandum & Order sets forth the basis for that determination.

     Petitioner has lived in the United States since 2004. (Pet. ¶ 4.) He resides with his wife and four U.S. citizen children in Corona, Queens, where he has maintained the same home for nearly thirteen years. (*Id.* ¶ 12.) On November 1, 2025, while walking with his family near their residence, he was stopped by federal officers, questioned, and arrested. (*Id.* ¶¶ 15–18.) He was then transported to Delaney Hall in Newark, New Jersey. (*Id.* ¶ 4.)

Petitioner filed his habeas petition on November 5, 2025. (ECF No. 1.) In the Petition, Petitioner alleged that Respondents detained him under 8 U.S.C. § 1225(b)(2), but since he has resided in the U.S. continuously for over 20 years, he was subject to 8 U.S.C. § 1226 instead. (Pet. ¶¶ 2-3, 41.) Petitioner sought immediate release or, in the alternative, a bond hearing. (*See id.* ¶¶ 28, 39, 41-42.)

The Court issued an Order to Show Cause on November 6, 2025 (ECF No. 2), and on November 7 entered a text order barring Petitioner's removal from the United States pending resolution of the habeas petition. (ECF No. 4.) Petitioner filed proof of service the next day. (ECF No. 5.) Respondents then appeared through counsel (ECF Nos. 7-8) and requested a conference or extension of time (ECF No. 6). The Court conducted a video conference on November 18, 2025 (the "Conference") and adjourned the deadlines set forth in the Order to Show Cause. (ECF No. 9.) On November 19, 2025, the Court issued a text order granting habeas relief and directing that Petitioner be released within twenty-four hours. (ECF No. 13, the "November 19 Order".) No opposition to the Petition was filed prior to the Court's November 19 Order.

At the Conference, Respondents confirmed that their position would rely on the statutory arguments previously advanced in similar matters involving detention under 8 U.S.C. § 1225(b)(2), including in *Contreras Maldonado v. Cabezas*, No. 25-13004, 2025 WL 2985256 (D.N.J. Oct. 23, 2025). Respondents represented that ICE's position remains that Petitioner is lawfully detained under their proffered interpretation of 8 U.S.C. § 1225(b)(2), but acknowledged that numerous courts, including this one, have not agreed. Respondents did not contest the core factual allegations in the Petition: that Petitioner has resided in the United States for more than twenty years; that he was arrested near his home in the interior of the United States; and that no individualized custody assessment has been conducted. (*See* Pet. ¶¶ 4, 12–18.)

These undisputed facts place Petitioner squarely within the framework addressed by this Court in *Contreras Maldonado*, 2025 WL 2985256. There, this Court held that noncitizens with substantial, long-term residence in the United States who are arrested in the interior are not properly detained under § 1225(b)(2). *See id*. at *4. Instead, detention may occur only under 8 U.S.C. § 1226(a), which provides for an individualized custody determination. *Id.* The Court concluded that § 1225(b)(2)'s mandatory-detention provision does not apply to individuals who are not "seeking admission," and that due process requires more than a blanket reliance on that provision. *Id.* at *3.

The same analysis controls here. Respondents' asserted authority to detain Petitioner under § 1225(b)(2) cannot be reconciled with this Court's decision in *Contreras Maldonado*. The record contains no indication that Petitioner received any individualized assessment of flight risk or danger, and Respondents have not identified any basis under § 1226(a) that could support Petitioner's continued detention. As in *Contreras Maldonado*, detention under § 1225(b)(2) is unauthorized and inconsistent with the statutory scheme and due process.

Given the nature of the violation, and consistent with the remedy ordered in *Contreras Maldonado* and similar cases, immediate release is required. The Court therefore issued the November 19 Order granting the petition and permanently enjoining Respondents from rearresting or detaining Petitioner under § 1225(b)(2).

For the reasons stated above, and for good cause shown,

**IT IS** on this 5th day of December, 2025,

**ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is GRANTED; and it is further

**ORDERED** that Respondents shall release Petitioner from custody in accordance with the Court's text order of November 19, 2025 (ECF No. 13) within twenty-four (24) hours, if they have not already done so; and it is further

**ORDERED** that Respondents are permanently enjoined from rearresting or detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2); and it is further

**ORDERED** that the motion for a temporary restraining order (ECF No. 3) is **TERMINATED** as moot; and it is finally

**ORDERED** that the Clerk shall close the file.

**SO ORDERED.**

*/s/ Jamel K. Semper*
**Hon. Jamel K. Semper**
**United States District Judge**

Orig:   Clerk
cc:      Parties